unanimously reversed on the law without costs and application denied. Memorandum: The court's award of temporary child support must be reversed. Defendant proceeded by order to show cause. Plaintiff's attorney was served with the order to show cause four days before its return date. When he tried to contact plaintiff, who is a teacher, he discovered that she was out of town attending an educational seminar and was not expected back until after the return date. Plaintiff's attorney submitted an affidavit apprising the court of plaintiff's absence and requesting an adjournment. The court denied the request for an adjournment although there was no evidence that a short delay would result in economic hardship to the children. Under these circumstances, it was an improvident exercise of the court's discretion to decide the motion on the merits. Moreover, it is apparent from the record that defendant is possessed of sufficient financial resources to support the parties' two children during the pendency of this action. An award of child support should await defendant's compliance with outstanding discovery demands. (Appeal from order of Supreme Court, Cattaraugus County, Horey, J.—support.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.

■ HELEN M. JOHNSON, Appellant, v JAMES B. JOHNSON, Respondent. (Appeal No. 2.)—Appeal unanimously dismissed as moot, without costs. (Appeal from order of Supreme Court, Cattaraugus County, Horey, J.—support.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.

■ HELEN M. JOHNSON, Appellant, v JAMES B. JOHNSON, Respondent. (Appeal No. 3.)—Appeal unanimously dismissed as moot, without costs. (Appeal from order of Supreme Court, Cattaraugus County, Horey, J.—support.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.

■ JOSEPHINE WATNER, Appellant-Respondent, v P & C FOOD MARKETS, INC., Respondent-Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: In this action for breach of a lease covenant of repair, the court erred in denying plaintiff's motion for leave to amend her complaint to assert a cause of action for waste. A tenant has an implied obligation to refrain from affirmative acts of waste and to make "tenantable" repairs to avoid permissive waste of the leasehold (see, Suydam v Jackson, 54 NY 450; Marcy v City of Syracuse, 199 App Div 246, 255-256; see generally, 34 NY Jur, Landlord and Tenant, § 479; 17 Carmody-Wait 2d, NY Prac